MARY E. McALEER *vs.* CELIA B. CAVANAGH.

PROVIDENCE—NOVEMBER 2, 1901.

PRESENT : Tillinghast, Rogers, and Douglas, JJ.

(1) *Probate Law and Practice. New Trial. Quorum of Appellate Division.*

The judgment of the Appellate Division held by a single justice in a mat-
ter in which one justice is a quorum is not subject to review by the
Appellate Division held by three justices, upon a petition for a new trial.
Affirming *Bank* v. *Greene,* 23 R. I. 238.

PETITION FOR NEW TRIAL upon the decree of a justice of
the Appellate Division confirming the decree of a Probate
Court approving the report of commissioners to set off dower.
Heard, and petition dismissed.

(1)    PER CURIAM.    This proceeding is in form a petition for a
new trial of an application by an heir at law to set out dower
to the petitioner.    The appeal was taken to this Division from
the decree of the Probate Court approving the report of com-
missioners appointed by the Probate Court to set off dower
to the petitioner by metes and bounds.    After a hearing of
the appeal by this Division, held by one justice thereof, a
decree was entered confirming the decree of the Probate
Court, and a new trial is asked on the single ground that
the court had no jurisdiction to enter the decree.

The objections, however, as developed at the hearing, are
not directed against the jurisdiction of the court to hear the
case and enter a final decree therein, the statutes clearly con-
ferring such jurisdiction, but attack the course of proceeding
at the trial and the decision embodied in the decree.    The
petition, therefore, is a prayer to the Appellate Division, held
by three justices, to review and reverse the judgment of
this Division, held by a single justice, in a matter in which
one justice is a quorum.

We have no jurisdiction to entertain such an application,
as has recently been fully explained in *First National Bank*

*of Hopkinton* v. *Greene,* 23 R. I. 238, decided July 23, 1901.

The petition must be dismissed.

*Franklin P. Owen,* for petitioner.

*John W. Hogan,* for respondent.